MARY ELIZABETH STORER *v.* UNITED STATES

**No. 7610.**—Entered at New York, N. Y., September 15, 1947.
Baggage Declaration and Entry No. 245614.

(Decided July 20, 1948)

No appearance by the plaintiff..

*Paul P. Rao*, Assistant Attorney General (*Guy Gilbert Ribaudo*, special attorney), for the defendant.

LAWRENCE, Judge: Miss Mary Elizabeth Storer, the plaintiff herein, a resident of the United States, on disembarking at the port of New York after a trip abroad, presented "Baggage Declaration and Entry" No. 245614 reading in part as follows:

| Description of Articles | Price Paid, or Fair Value If Gifts, etc. |
|---|---|
| upholstery | $63. 00 |
| 2 sweaters (gifts) | 10. 00 |
| souvenirs | 10. 00 |

That document, which was acted upon by a Government "Inspector" and an "Appraiser's Examiner," discloses that the values of the first two items above were increased, and a red-ink notation thereon indicates that the advance in values resulted from the conversion of currency, although both the declared values and the advanced values are stated in United States currency. It appears that duty in the amount of $19.25 was levied and paid. It does not appear that said document ever came under the observation of the appraiser of merchandise.

In a letter addressed to the Collector of Customs at New York, Miss Storer expressed her dissatisfaction with the advance in value. The collector replied thereto, stating in part as follows:

Before questioning the Appraiser as to the composition of the material or the method by which he determined the dutiable value, you are being advised as to the governing regulations. Sections 10.21 (*g*) and (*h*) of the Customs Regulations of 1943 provide as follows:

(*g*) Passengers dissatisfied with the assessment of duty on their baggage may demand a reexamination, provided the articles have not been removed from customs custody.

(*h*) In case reappraisement by the U. S. Customs Court is desired, the passenger shall make application therefor to the collector of customs in writing within 30 days after the original appraisement.

It can readily be seen that while the classification of the articles may be reconsidered by this office, the value may not be reviewed except by application for reappraisement as prescribed in subsection (*h*). If you wish to pursue this course, the enclosed forms 4305 should be completed in triplicate and returned to Room 401 of the Custom House on or before October 14, 1947, the expiration date for appeal.

Consignee's appeal for reappraisement on customs Form 4305, referred to in the collector's letter, *supra*, was prepared and filed by plaintiff and bears a stamp indicating its timely receipt in the collector's office. In due course it was transmitted to the court, docketed, and called for hearing. Shortly before the appointed date, a communication was received by the court from Miss Storer stating her inability to be present at the hearing and reiterating her understanding of the facts of the case.

At the hearing, counsel for the Government contended that there had been no official appraisement of the merchandise described on the baggage entry, *supra*, and expressed the opinion that the appeal should be dismissed without prejudice and the papers remanded "to the Appraiser for a legal appraisement, or for a proper appraisement."

My first inquiry in this proceeding is to determine whether the jurisdiction of the court has been properly invoked. The duties of appraising officers and the finality of their decisions are set forth in sections 500 and 501 of the Tariff Act of 1930, the pertinent provisions of which read as follows:

## SEC. 500. DUTIES OF APPRAISING OFFICERS.

(a) APPRAISER.—It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding;

(2) To ascertain the number of yards, parcels, or quantities of the merchandise ordered or designated for examination;

(3) To ascertain whether the merchandise has been truly and correctly invoiced;

(4) To describe the merchandise in order that the collector may determine the dutiable classification thereof; and

(5) To report his decisions to the collector.

(b) REPORTS OF APPRAISER'S SUBORDINATES.—The appraiser shall have power to review, revise, and correct the reports of his subordinate officers.

\*      \*      \*      \*      \*      \*      \*

(e) EXAMINERS.—It shall be the duty of an examiner to examine and inspect the merchandise and report the value and such other facts as the appraiser may require in his appraisement or report, and to perform such other duties as may be prescribed by rules and regulations of the Secretary of the Treasury or the appraiser.

\* \* \* \* \* \* \*

## SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.

\* \* \* The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is \* \* . \* filed by the consignee or his agent with the collector within thirty days after the date \* \* \* of mailing of written notice of appraisement to the consignee, his agent, or his attorney. \* \* \*

Although it is stated in the collector's letter, *supra*, that "Before questioning the Appraiser as to \* \* \* the method by which he determined the dutiable value, you are being advised as to the governing regulations," it does not appear that the appraiser ever made a determination of value. Hence there has not been a decision of the appraiser from which an appeal for a reappraisement could legally be filed. Consequently it would seem that appropriate preliminary steps have not been taken in this case to enable the court to exercise its judicial power to determine the value of the merchandise. Clearly enough, the plaintiff and administrative officials have acted in perfectly good faith but through oversight or inadvertence there was failure as above indicated to lay the proper basis for an appeal.

While it is true that the plaintiff pursued the remedy outlined in the letter addressed to her by the collector of customs, quoted above, and which would appear to be in accordance with subsection (h) of section 10.21 of the Customs Regulations of 1943, nevertheless the important factor which is lacking to give the appeal vitality or validity is "the original appraisement" referred to in said subsection (h). The cited subsection clearly anticipates an appraisement as a condition precedent to filing an appeal for a reappraisement. But the regulations are silent as to how this is to be accomplished in the case of baggage declarations and entries. In the present instance we have merely a valuation placed upon the tourist's baggage by an examiner who ordinarily acts in an advisory capacity. See section 500, *supra*. The situation, of course, might have been quite different had said regulations made provision for a procedure to secure an original appraisement. If appropriate steps are still available to secure an original appraisement, and in the event of such action plaintiff is duly informed, it is possible that Miss Storer, if still dissatisfied, may yet have her day in court on the merits of the case in subsequent proceedings.

In passing, it may be observed that this is not a case in which the court could take action pursuant to the provision in the Customs

Administrative Act of 1938, section 501 of the Tariff Act of 1930, as amended, which reads in part—

* * * Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall in every case, notwithstanding that the *original appraisement* may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties an opportunity to be heard on the merits, determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing. [Italics supplied.]

It is clear that the duty imposed upon the court by the language of section 501, as amended, *supra*, is predicated on the condition precedent of an existing "original appraisement" which, although invalid or void, may be remedied by the court's finding of value based upon the entry record, the merchandise or samples thereof, if available, and testimony which may be presented by the parties.

In the circumstances of the present case and in the absence of an original appraisement, I am constrained to hold that the jurisdiction of the court has not been properly invoked. Consequently the appeal must be and hereby is dismissed.

Judgment will be entered accordingly.